# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited.  R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0054-21

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

L.W.,

     Defendant-Appellant.

_____

Submitted May 2, 2022 – Decided August 1, 2022

Before Judges Sumners and Petrillo.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 09-03-0561.

L.W., appellant pro se.

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Stephanie Davis Elson, Assistant Prosecutor, on the brief).

PER CURIAM

In March 2011, defendant L.W.[1] pled guilty to first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a), and second-degree sexual assault, N.J.S.A. 2C:14-2(b). He was sentenced to concurrent ten- and five-year prison sentences, subject to eighty-five percent parole ineligibility under the No Early Release Act, N.J.S.A. 2C:43-7.2.

Defendant appealed his conviction. We denied the appeal in October 2013, rejecting his contentions that the trial judge erred in denying his motion to withdraw his guilty plea; failing to appoint him a new attorney; admitting his video-recorded police statements; and imposing an excessive sentence. State v. L.W., No. A-2405-11 (App. Div. Oct. 15, 2013) (L.W. I).[2]

In December 2013, defendant filed a petition for post-conviction relief (PCR) alleging fifty instances of ineffective assistance of counsel. The petition was denied without an evidentiary hearing. Defendant appealed. We affirmed, determining defendant's claims that he was innocent and his counsel coerced

---

[1] We use defendant's initials because the record is impounded. R. 1:38-3(f)(4); see also R. 1:38-3(c)(9).

[2] To resolve defendant's appeal, we need not set forth the facts and procedural history underlying defendant's conviction and direct appeal. We note, however, they are set forth at length in L.W. I.

A-0054-21

him into pleading guilty were procedurally barred under Rule 3:22-5 because they were addressed and dismissed on direct appeal. State v. L.W., No. A-5941-13 (App. Div. Apr. 19, 2016) (slip op. at 7). We concluded that his other arguments were "without sufficient merit to warrant discussion in a written opinion. See R. 2:11-3(e)(2)." Ibid.

On May 18, 2020, four years after we affirmed the denial of defendant's first PCR petition, defendant, representing himself, filed a second motion to vacate his guilty plea and a motion for judgment of acquittal. On July 7, 2021, the judge determined that because the motion sought PCR, it was procedurally barred by Rule 3:22-12(a)'s five-year limitation on PCR claims.

Before us, defendant contends:

> I. THE HONORABLE JUDGE MADE AN ERROR BY DISMISSING DEFENDANT'S MOTION. (ISSUE NOT RAISED BELOW)[.]
>
> II. THE MOTION TO VACATE PLEA PLACED THE COURTS ON DIRECT NOTICE OF A MANIFEST OF INJUSTICE A WRONGFUL CONVICTION. (ISSUE NOT RAISED BELOW)[.]
>
> III. UNCONSTITUTIONALLY OBTAINED EVIDENCE BEFORE THE GRAND JURY AS A BASIS FOR DISMISSING THE INDICTMENT AND CONVICTION[.] (ISSUE NOT RAISED BELOW)[.]

A-0054-21

IV.  WIDESPREAD          PROSECUTORIAL
MISCONDUCT MANIFEST INJUSTICE OF A
MISCARRIAGE OF JUSTICE[.]  (ISSUE NOT
RAISED BELOW)[.]

V.   COERCIVE    PLEA    BARGAINING    A
MISCARRIAGE OF JUSTICE CONTINUED[.]
(ISSUE NOT RAISED BELOW)[.]

VI.  DEFENDANT ADVANCES THE MOTION TO
VACATE  PLEA  AND  JUDGEMENT  OF
ACQUITTAL TO THE APPEAL BOARD WITH
ACCOMPANY ARGUMENTS AND DEMAND
TO PRODUCE.  (GERMANE TO APPEAL)[.]

VII. DEMAND      TO      PRODUCE      AFTER-
DISCOVERED    (NEWLY    DISCOVERED)
EVIDENCE   AND   ENTIRE   DISCOVERY
PACKET[.]  (ISSUE NOT RAISED BELOW)[.]

VII. THE STATE SHOULD NOT OPPOSE.  (ISSUE
NOT RAISED BELOW)[.]

Initially, we note that defendant's appeal is procedurally deficient because he has not provided any information regarding his previous appeals or PCR petitions as required by Rule 3:22-8.  Nevertheless, we have carefully considered defendant's arguments and conclude they lack sufficient merit to warrant extensive discussion in a written opinion.  R. 2:11-3(e)(2).  We affirm substantially for the reasons set forth by the PCR judge in his written decision.  We add only the following brief comments.

4

Defendant's current PCR petition was procedurally and substantively time barred. We affirmed denial of his first PCR petition on April 19, 2016, and his second PCR petition was filed on May 18, 2020, four years later and well beyond the one-year time limit prescribed by Rule 3:22-12(a)(2). Defendant's second petition was untimely because it was not filed within one year after denial of his first PCR petition and it failed to rely on: (1) previously unavailable and newly recognized constitutional rule of law, R. 3:22-12(a)(2)(A); (2) newly discovered facts that "could not have been discovered earlier through the exercise of reasonable diligence[,]" R. 3:22-12(a)(2)(B); or (3) a prima facie allegation case that his first or subsequent PCR counsel was ineffective, R. 3:22-12(a)(2)(C). See also R. 3:22-4(b) (stating that a second PCR petition is subject to the substantive limitations set forth in Rule 3:22-12(a)(2)(A) to (C)).

As for defendant's claim that there was no probable cause for his arrest, this issue was already rejected on appeal. See L.W. I, slip op. at 18, 20 (finding defendant moved to exclude the confession based on a lack of probable cause, but he entered an unconditional guilty plea prior to the motion being heard thus "waiv[ing] his right to challenge the admissibility of the confession.") (citation omitted); R. 3:9-3(f); R. 3:22-5. In addition, the facts on the record disprove defendant's contention.

A-0054-21

Furthermore, defendant reiterates other challenges to trial counsel's strategic decisions which were raised in prior proceedings and were found to not be grounded in law or fact.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-0054-21